### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| Rickey L. Richardson<br>5715 Stevens Drive<br>Orient, OH 43146<br><br>  Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC<br>CSC-Lawyers Incorporating Service<br>50 W. Broad St. Suite 1800<br>Columbus, OH 43215<br><br>        Defendant. | Case No.  2:17-cv-151<br><br>District Judge<br><br>Magistrate Judge<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

The following allegations are based upon Rickey L. Richardson's personal knowledge, investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

## I. INTRODUCTION

1.  In a good faith effort to make proper payments on his loan, Plaintiff Rickey L. Richardson entered into a loan modification ("Agreement") with Defendant Ocwen Loan Servicing, LLC ("Ocwen") on or around August 4, 2013.

2.  Pursuant to this Agreement, the parties agreed to a "Deferred Principal Balance" of $117, 652.86.

3.  This Deferred Principal Balance was to be forgiven in three equal installments annually, unless Mr. Richardson defaulted on any payments as defined by the Agreement.

1

4.  Mr. Richardson did not default on any payments.

5.  Ocwen failed to honor the Agreement by refusing to forgive this Deferred Principal Balance.

6.  Instead, Ocwen added the Balance on to Mr. Richardson's Principal Balance.

7.  As a result of Ocwen failing to honor the Agreement, Mr. Richardson had a sale of his home fall through.

8.  Mr. Richardson notified Ocwen of its error via a Qualified Written Request, to which Ocwen failed to adequately respond.

9.  Accordingly, Defendant is liable to Mr. Richardson for damages, costs, and attorney's fees under federal law.

## II.  PRELIMINARY STATEMENT

10.  Mr. Richardson institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendant Ocwen for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024.1, *et seq.* and for Breach of Contract under Ohio law.

## III.  JURISDICTION

11.  This Court has jurisdiction for the First Count pursuant to RESPA, 12 U.S.C. § 2614, and 28 U.S.C. §§ 1331 and 1337.

12.  This Court has supplemental jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367.

13.  This Court also has diversity jurisdiction over all counts in this Complaint pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.

14. Venue is proper in the United States District Court for the Southern District of Ohio because Defendant conducts business in this District, and the act which gave rise to this lawsuit occurred in this District.

## IV. PARTIES

15. Plaintiff, Rickey L. Richardson, is a natural person currently residing within this Court's jurisdiction.

16. Mr. Richardson was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

*   *   *

17. Defendant Ocwen is a Limited Liability Company organized under the laws of the State of Delaware, with its principal address in Florida.

18. Defendant Ocwen was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

19. Defendant Ocwen was and is a loan **servicer** of Mr. Richardson's **federally related mortgage loan** within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this transaction.

## V. FACTUAL ALLEGATIONS

20. Mr. Richardson incorporates all other paragraphs in this Complaint by reference as though fully written here.

21. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

3

22. Mr. Richardson entered into a mortgage loan agreement and signed a promissory note on or about November 15, 2006. A copy of the Note is attached as Exhibit A, and a copy of the Mortgage as Exhibit B.

23. Further, the mortgage loan was and is a **federally related mortgage loan** within the meaning of RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

24. Mr. Richardson and Ocwen entered into a loan modification agreement ("Agreement") on August 8, 2013. A copy of this Agreement is attached as Exhibit C.

25. The Agreement was contingent upon Mr. Richardson making an initial payment of $1,010.35 before August 15, 2013 and another payment before September 1, 2013.

26. Mr. Richard made these payments.

27. The Agreement became effective on October 1, 2013.

28. Pursuant to the Agreement, Ocwen designated a "New Principle Balance" of $268,702.86.

29. $117,652.86 of the New Principle Balance was to be designated as a "Deferred Principal Balance."

30. This Deferred Principal Balance was to be forgiven in its entirety provided that Mr. Richardson did not default in the 36 month timeframe.

31. Default in this section is defined as three or more monthly payments become overdue and unpaid on the last day of any month.

32. Mr. Richardson did not default as defined by the Agreement.

33. Ocwen was obligated to forgive one third of the Deferred Principle Balance on October 1, 2014.

34. Ocwen did not forgive this amount.

35. Ocwen was obligated to forgive another third of the Deferred Principle Balance on October 1, 2015.

36. Ocwen did not forgive this amount.

37. Ocwen was obligated to forgive the final third of the Deferred Principle Balance on October 1, 2016.

38. Ocwen did not forgive this amount.

39. Mr. Richardson informed Ocwen of its failure to adhere to the Agreement via a letter on or about November 10, 2016.

40. This letter was a written correspondence that included the name and account of Mr. Richardson.

41. This letter also included a statement of reasons that Mr. Richardson believed his account was in error.

42. This letter was a qualified written request ("QWR") as defined by 12 U.S.C. § 2605(e).

43. Ocwen failed to timely acknowledge receipt of this QWR.

44. Ocwen failed to adequately respond to this QWR.

45. Ocwen did not correct the errors Mr. Richardson identified with his account.

46. Ocwen did not explain why it failed to forgive the Deferred Principle Balance as it was obligated to do under the Agreement.

47. Ocwen did not provide the requested information in the QWR.

48. Specifically, Ocwen failed to provide the following information that was requested:

   a. An explanation for the Shared Appreciation Amount of $117,652.86 on Ocwen's October 6, 2016 Payoff Quote.

   b. Any alleged default by Mr. Richardson and supporting documentation.

49. Mr. Richardson had a ready, willing, and able buyer of the subject property.

50. Mr. Richardson had an agreement in place to sell the home for $194,000.

51. Just before closing, the sale of the home fell through due to Ocwen's refusal to forgive the Deferred Principle Balance as it was obligated to under the Agreement.

52. Had Ocwen performed under the Agreement, Mr. Richardson would have been able to sell the home.

53. As a condition to closing, Mr. Richardson had to move out of the home.

54. Mr. Richardson has been making his payments on the subject property in addition to rent payments on another property.

## VI. FIRST COUNT – REAL ESTATE SETTLEMENT PROCEDURES ACT

55. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

56. For all the reasons stated herein, Ocwen violated RESPA and is liable to Mr. Richardson for damages.

57. By failing to adequately respond to Mr. Richardson's November 10, 2016 QWR, Ocwen violated RESPA at 12 U.S.C. § 2605 *et seq.*

58. Ocwen failed to acknowledge receipt of Mr. Richardson's QWR within 5 days in violation of 12 U.S.C. § 2605(e)(1)(A).

59. By failing to conduct an investigation into Mr. Richardson's account after receiving the QWR, Ocwen violated RESPA at 12 U.S.C. § 2605(e)(2)(B) and (C), 12 C.F.R. § 1024.35(e); 12 C.F.R. § 1024.36(d).

60. Ocwen violated 12 U.S.C. § 2605(e) by failing to make the appropriate corrections per RESPA at 12 U.S.C. § 2605(e)(2)(A); by failing to provide Mr. Richardson with a

written explanation of the reasons Ocwen believed the account to be correct per RESPA at 12 U.S.C. § 2605(e)(2)(B); or by providing Mr. Richardson with a written explanation of why the information requested was unavailable per RESPA at 12 U.S.C. § 2605(e)(2)(C).

61.  By failing to provide Mr. Richardson with the information requested, Ocwen violated Regulation X at 12 C.F.R. § 1024.35(e).

62.  Mr. Richardson was damaged by Ocwen's failure to respond appropriately to his QWR because of Ocwen's inappropriate responses, Mr. Richardson's account would have been corrected and his QWR expenses would not have been for naught. *See Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 720-22 (6th Cir. 2013).

63.  In addition, Mr. Richardson suffered emotional distress, including severe anxiety and depression, as a result of Ocwen's inappropriate response to his QWR.

64.  Ocwen is liable to Mr. Richardson for the amount of his actual damages, including but not limited to the amount of deferred interest, fees, costs, and advances as well as additional interest, costs, and fees that have accrued since the violations, costs of mailing, emotional distress, maximum statutory damages of $1,000, attorneys' fees, and the costs of this action, pursuant to 12 U.S.C. § 2506(f) per violation.

## VII.  SECOND COUNT – BREACH OF CONTRACT

65.  Mr. Richardson incorporates all other paragraphs in this Complaint by reference as though fully written here.

66.  For the reasons described herein, Ocwen breached the Agreement with Mr. Richardson

67.  On or about July 25, 2013, Ocwen and Mr. Richardson entered into a binding Agreement.

68. Mr. Richardson satisfied all conditions precedent under the Agreement.

69. Mr. Richardson satisfied the preconditions to the Agreement by making an initial payment of $1,010.35 on or before August 15, 2013 and a second payment on or before September 1, 2013.

70. Mr. Richardson substantially performed under the Agreement by making timely, full payments and refraining from default as defined by the Agreement.

71. Ocwen materially breached paragraph 2(C) of the Agreement by not forgiving one third of the Deferred Principle Balance, $39,217.62 on October 1, 2014.

72. Ocwen materially breached paragraph 2(C) of the Agreement by not forgiving one third of the Deferred Principle Balance, $39,217.62, on October 1, 2015.

73. Ocwen materially breached paragraph 2(C) of the Agreement by not forgiving one third of the Deferred Principle Balance, $39,217.62 on October 1, 2016.

74. Ocwen breach the Agreement by adding the Deferred Principle Balance onto Mr. Richardson's Principle Balance.

75. As a direct and proximate result of Defendant's breach, Mr. Richardson is entitled to compensatory damages in the amount of a minimum of $117,652.86.

76. As a direct and proximate result of Defendant's breach, Mr. Richardson was unable to sell his home despite having a ready, able, and willing buyer and is thus entitled to a minimum of $49,000.

77. As a direct and proximate result of Defendant's breach, Mr. Richardson has been making multiple payments on a new property due to the sale of his home falling through and is thus entitled to be compensated for the unnecessary extra house payments in an amount of no less than $6,020.00.

78. **WHEREFORE**, Mr. Richardson respectfully prays that this Court grant the following for Mr. Richardson against the Defendant:

    a.   Assume jurisdiction of this case.

    b.   Judgment in favor of Mr. Richardson of all claims.

    c.   Award Plaintiff maximum actual, economic, emotional, and non-economic damages to be established at trial.

    d.   Award maximum statutory damages, including pursuant to 12 U.S.C. § 2605(f) per RESPA violation.

    e.   Award Plaintiff attorney's fees and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

    f.   Award Plaintiff maximum punitive damages to be established at trial.

    g.   Award Plaintiff additional damages and costs.

    h.   Award such other relief as the court deems appropriate.

Dated this 21st day of February, 2017.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., LPA


*/s/ Christopher J. Gant*
Christopher J. Gant (0095730)
*Attorney for Plaintiff Rickey L. Richardson*
700 Stonehenge Pkwy, Ste.2B
Dublin, OH 43017
614-944-5219
818-638-5548 (fax)
gant@troydoucet.com

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.


*/s/ Christopher J. Gant*
Christopher J. Gant (0095730)